United States v. Sylla. Good morning, Ms. Varner. Good morning, may it please the court. Sarah Varner v. Pascal Sylla. Pascal Sylla was indicted for attempted bank robbery nearly 10 years following his crime and nearly five years outside of the normally applicable statute of limitations in cases where the DNA tolling statute is not involved. Statutes of limitation are vital to the welfare of our society and they exist to prevent excessive delay before prosecution. The basic presumption there is a common-sense presumption and that is that the passage of time is detrimental to defendants. There are two basic policy considerations that I'd like to talk to touch on before addressing the vagueness doctrine in relation to Mr. Sylla's case, both of which underlie statutes of limitation. The first is that defendants have a basic right to a fair trial and to the accuracy of their conviction and that has to do with the defendant's ability to mount a vigorous and credible defense on their behalf and that also rests on a common-sense assessment that evidence degrades over time, memories degrade, it's difficult to find documents, it's difficult to produce witnesses. Now I know that this court has said and the government argues that in cases where DNA is involved that that evidence is of a different type and that that evidence is uniquely reliable. But we would point out there are problems with that approach and those problems are is that it leads to an over-reliance on one piece of evidence and that was the piece of evidence that linked Mr. Sylla entirely to his case. Additionally, it encourages what I would call lazy police work. Police, once they have DNA in a case, they don't have to do anything else under the DNA tolling statute. The second policy consideration I would like to touch on is what I would call principles of repugnancy and repose. Inside the implicit policy judgments on behalf of Congress and we know that because they've set different statutes of limitations for different crimes and those crimes vary from no statute of limitations from to 20 years, 10 years, 8 years, 7 years, 6 years, 5 years, 1 year. And we know that there's no difference in a defendant's ability to mount a defense if you're charged with the highest level felony versus a misdemeanor so that there are implicit judgments about the repugnancy of crimes in the federal statute of limitations. We find some crimes more serious and that leads to a discussion of repose. Statutes of limitation are to be construed liberally and in favor of repose for defendants and that is because there there's some just value in a defendant's ability to come back to us. It has to do with how serious we believe that the crime that they've committed is and that at some point punishment of a crime becomes less desirable. Ms. Varner, I don't necessarily disagree with anything I've heard so far in terms of general policy considerations and I can certainly imagine cases where this DNA extension of statute of limitations might wind up making it impossible for a defendant to put on a fair defense. DNA has to be put in context, etc. Witnesses may have died, lost their memories, whatever. But I don't see anything specific here to that effect. Your Honor, I think that what we can point to in our particular case is this concept of due diligence on the part of police officers. I recognize Your Honor's concern that the facts of Mr. Silla's case are ones that this court might say, hey this is a case where we do think you should be held to be accountable longer for this crime more than five years. I mean, he fired a gun. But then we also have, in my experience, in my position, bank robberies that are much more inept and less serious where a defendant enters a bank and has a note, doesn't have a gun, doesn't fire a gun, and is not getting any money. And we're now saying that that defendant is held to a totally endless statute of limitations. Yes, but you're here on this defendant. Yes, Your Honor. And I think for Mr. Silla's, in Mr. Silla's case, when we're looking at a vagueness challenge to this particular statute, I acknowledge the government's argument that it's difficult in a case that involves a statute that presents extremely grave consequences to a defendant, then that statute can be looked at under the void for vagueness doctrine. But in what sense did any vagueness problem affect Mr. Silla on the facts of this case? Well, it's difficult because when we're applying the void for vagueness doctrine, and this is where I'm acknowledging the government's argument, that it's difficult to apply to a statute of limitations case. But I think it's certainly within this court's power to say that the consequence in this case is so severe that we will look at it for vagueness, and then to sort of figure out what does that mean within the context of a statute of limitations. Now, I think we can, I profess I am not a constitutional scholar, and when getting, when doing some scholarly research about what does a facial versus as-applied challenge to a statute mean, I get a little bit lost in the weeds, but I think it's fair to say that... You're not the only one. I think it's fair to say that almost every constitutional challenge involves at least some facial look at the statute. Look, the facts here are straightforward. The codex system provided a match to that match restarted the applicable five-year limitations period pursuant to the plain terms of section 3297. He was indicted in 2013, well within the restarted limitations period. That was his DNA on that bank slip. You are entirely correct there, Your Honor. We recognize that there are significant uphill battles with this argument. However, in the context, if this court would say the vagueness analysis does apply to a case that's looking just solely at a statute of limitations, that it may mean something different, and we've pointed to two areas that this court could look at. One was where testing implicates. Now, that's not as applicable directly to Mr. Silla, but there are other state DNA statutes that require more. They require preservation of the evidence. They require availability of the evidence to the accused. They require analysis of the evidence before a certain period of time has passed. The federal is one of the least guidance to police officers. The second area that we could point at, and I think that would be, in a vagueness analysis, what we could look at as notice of the due process rights to the defendant. Look, all that he can argue is that he thought once five years had passed after the attempted bank robbery, that he could no longer be prosecuted and he was off the hook. That's not a vagueness problem, and that's all he's got, right? Yes, Your Honor. I'm sorry. Yes, Mr. Silla received a significant sentence and we felt that this was a good chance to at least ask the court, in light of Hagler, if a vagueness analysis would apply. And the second point that I was trying to reach was that if we are looking at vagueness and the court did apply it, we could look at enforcement. So we have the notice component and the enforcement component. And that other statutes, other state statutes require more in terms of due diligence. And that's as applied in Mr. Silla's case, because we do have a significant period of time from the crime to where the sort of cold case file was opened by the police, where it doesn't appear that anything happened. And other state court statutes, DNA statutes, require, okay, we're going to let you have an extended statute, but it has to be within 15 years of the crime. There's actually statutes that require due diligence, a due diligence showing on the part of the police officers. Some statutes trigger a new... Why is that constitutionally required? Well, that's the... You're asking us to hold a congressionally enacted statute unconstitutional. So I understand one could argue that the law should be written differently to impose more obligations and so on, but I don't understand why this is constitutionally required. I think in this case, because the severity of the consequence to the defendant is so great that if a vagueness analysis does apply to a statute of limitations, that it's a constitutional due process right for the defendant to have more information about what's required in enforcement of the statute than is present in the federal DNA statute. And I see that I'm entering my rebuttal time, so I'll reserve. Thank you. Okay. Hello, Mr. Wood. Your Honor, may it please the court. My name is Bob Wood on behalf of the government. A few quick responses to the appellate's points. First of all, I'd like to defend the diligence of the officers a little bit here. There was only one piece of evidence because he got away very successfully after they searched hospitals. They asked the only witness they could find because he had a mask on until he left, a shopkeeper down the street. He did a grid search of fields. There's no diligence problem here. And I also think it's contrary to, in a general sense, a correct understanding of the motivation of police officers to say that the statute adds some discouragement to continue with investigation of cases. There's no guarantee that DNA is going to come up five years down the road, 10 years down the road to save a case that you're lazy on. In this case, it only happened because he robbed another bank. So anyway, I just wanted to defend the officer's diligence. Also, between 2005 and 2010, the appellant's characterization is that nothing happened to pursue the DNA. To that, I would say sort of both sides of the issue. CODIS, as I understand it, and as the record reflects, operates automatically. Perhaps to the appellant's point, it operates slowly. I don't know enough about DNA analysis to know whether CODIS is a fast system, a slow system, or an average system. But I do know that that's how it operates within the prison system. And finally, with respect to DeGeorge, the Supreme Court case that the appellant relies on for a possible extension of the void for vagueness doctrine, the difference between that case and this case is that case, which involved the punishment for illegal immigration, is sort of on all fours with what the vagueness doctrine looks for. There's a prohibition, there's a possible punishment that the court determined was grave. So because there's a prohibition, there's a notice component. Because there's punishment, there's an enforcement component. And that's why the void for vagueness doctrine made sense in that case. In this case, as your Honor pointed out, it doesn't make the same kind of sense. And with that, most of the government's other primary points were already made by the court, and the government would return its time. Thank you very much. Ms. Farner, you have some time. Do you want to? Of course. Mr. Silla received a very significant sentence in this case. He will now be incarcerated for 80 years old when he's released. We just ask this court to recognize that while perfect clarity in a statute is not required, where DNA will hold a defendant liable for something that would have been five years forever, that more is required in this case. And we ask the court to find that the DNA statute is vague as applied to Mr. Silla and reverse his conviction. Thank you. Thank you so much. Thanks to both counsel. The case will be taken under advisement. We're going on to the very